PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

ALBERTO ALFARO,

        Plaintiff,

    v.

FNU YOUNG, MARGARET WIRTH, SARAH P., MAGGIE BRINER,

        Defendants.

───────────────────────────────

**ORDER**

22-CV-6431-EAW

    Plaintiff Alberto Alfaro ("Plaintiff"), who is currently incarcerated at the Elkton Federal Correctional Institution in Lisbon, Ohio, filed a *pro se* complaint under 42 U.S.C. § 1983 (Dkt. 1) and paid the filing fee. Plaintiff alleges unconstitutional conditions of confinement based on inadequate medical care against Health Service Administrator Young ("Young"), Margaret Wirth ("Wirth"), Sarah P. ("Sarah P."), and Maggie Briner ("Briner") while Plaintiff was a pretrial detainee at the Monroe County Jail (the "Jail").

    The Court screened the complaint and allowed the inadequate medical care claims against Defendants Wirth and Sarah P. to proceed to service. (Dkt. 5 at 11). The Court found that Plaintiff failed to plead the personal involvement of Defendants Young and Briner in any constitutional violation. (*Id.* at 9). Accordingly, the Court dismissed the claims against Young and Briner under 28 U.S.C. § 1915A(b) with leave to replead. (*Id.* at 9, 11). Plaintiff was advised that if he failed to file an amended complaint within 45 days, Young and Briner would be dismissed with prejudice from this lawsuit. (*Id.* at 12).

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court asked the Monroe County Attorney's Office to provide Sarah P.'s full name and an address for service. (*Id.* at 10-11). The Court subsequently granted Plaintiff's motion (Dkt. 7) for service of the complaint by the United States Marshals Service. (Dkt. 8).

In response to the *Valentin* order, the Monroe County Attorney's Office stated that upon information and belief, no Sarah P. currently works at the Jail nor worked there from November 2020 to February 2021. (Dkt. 10 at 2). The Monroe County Attorney's Office indicated that there is a registered nurse at the Jail whose first name is Sarah; however, her surname does not start with the letter P. (*Id.*).

The Court ordered Plaintiff to provide a physical description of Sarah P. and any other information that could assist the Monroe County Attorney's Office in determining her identify. (Dkt. 11 at 1-2). In reply, Plaintiff stated that he encountered Sarah P. during the intake process, that she is "a Caucasian female 5[feet]5[inches], chubby, with glasses with short black and gray hair," and that she took his temperature on several occasions while he was quarantined. (Dkt. 12 at 2).

In its second *Valentin* response (Dkt. 13), the Monroe County Attorney's Office stated in relevant part that

> [Jail] medical records show that on November 13, 2020, plaintiff was booked in at approximately 6:00 pm. "Sarah T." (identified in the prior submission)[1] finished her shift on that day at 3:30 pm and was not involved in plaintiff's booking process. A different registered nurse was involved in the booking process – initials A.K.

---

[1] In its prior submission (Dkt. 10), the Monroe County Attorney's Office did not provide information as to the first letter of this individual's surname.

(*Id.* at 1). According to Plaintiff's medical records, "A.K." also screened Plaintiff when he returned from the hospital on March 17, 2021. (*Id.* at 1-2).

The Monroe County Attorney's Office further stated that Plaintiff's description of Sarah P.'s "physical appearance in part matches Sarah T[.] and in part does not match Sarah T." (*Id.* at 2). The Monroe County Attorney's Office did not indicate whether Plaintiff's description of Sarah P.'s appearance matches A.K.'s appearance.

In sum, the second *Valentin* response raises the possibility that A.K. might be the person whom Plaintiff has named as Sarah P. Therefore, the Court directs (1) the Monroe County Attorney's Office to inform the Court, **within 10 days**, whether A.K. matches the physical description provided by Plaintiff for Sarah P. and (2) Plaintiff to inform the Court, **within 20 days**, whether he interacted with a nurse having the initials "A.K." during the relevant period.

Finally, in response to Plaintiff's question as to whether his "civil complaint" was received (Dkt. 9), the Court has no record of receiving an amended complaint from him. The only document received from Plaintiff during the 45-day amendment period was Plaintiff's April 19, 2023 motion (Dkt. 7) for service by the United States Marshals Service, which was received on April 28, 2023 and granted on August 31, 2023. (Dkt. 8).[2] Because Plaintiff did not file an amended complaint, and the time for doing so has long since

---

[2] The Court notes that Plaintiff will need to seek an extension of time to serve Defendants under Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) (providing that the court shall extend the time for service if the plaintiff shows "good cause" for the failure to serve within 90 days).

expired, Defendants Young and Briner are dismissed with prejudice pursuant to the Court's screening order (Dkt. 5) and terminated as parties to this action.

## ORDER

It is hereby ORDERED that the Monroe County Attorney's Office is directed to inform the Court, **within 10 days of entry of this Order**, whether "A.K." matches the physical description provided by Plaintiff for "Sarah P."; and it is further

ORDERED that Plaintiff is directed to inform the Court, **within 20 days of entry of this Order**, whether he interacted with a nurse having the initials "A.K." during the relevant period; and it is further

ORDERED that, pursuant to the Court's screening order (Dkt. 5), Defendants Young and Briner are dismissed with prejudice for Plaintiff's failure to file an amended complaint; and it is further

ORDERED that the Clerk of Court shall terminate Defendants Young and Briner as parties to this action.

SO ORDERED.

Dated: January 30, 2024
Rochester, New York

_____
ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT