UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ALBERTO ALFARO,

                Plaintiff,

      v.

MARGUERIETE WIRTH and
SARAH TORTATICE,

                Defendants

———————————————————————

**DECISION AND ORDER**

6:22-CV-06431 EAW CDH

## **INTRODUCTION**

*Pro se* plaintiff Alberto Alfaro ("Plaintiff") asserts claims of unconstitutional confinement based on inadequate medical treatment pursuant to 42 U.S.C. § 1983 against defendants Margueriete Wirth and Sarah Tortatice (collectively "Defendants). (Dkt. 1; *see* Dkt. 17 at 1).

Plaintiff has filed a motion for appointed counsel. (Dkt. 44; *see also* Dkt. 18; Dkt. 24). For the reasons that follow, Plaintiff's motion is denied without prejudice.

## **BACKGROUND**

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (Dkt. 39). The Court assumes the parties' familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

At the outset of this matter, Chief United States District Judge Elizabeth A. Wolford screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (Dkt. 5).

Plaintiff was permitted to proceed to service on claims that Defendants subjected him to unconstitutional conditions of confinement based on inadequate medical treatment. (*See id.* at 5-8). All Plaintiff's other claims have been dismissed with prejudice. (*See id.* at 12).

Plaintiff has previously filed two motions for appointed counsel, in which he argued he requires an attorney because he suffers from various mental health conditions and lacks knowledge of the law. (Dkt. 18; Dkt. 24). Judge Wolford denied both of Plaintiff's prior motions, explaining that the Court lacked the information necessary to determine whether Plaintiff's claims were likely to be of substance. (*See* Dkt. 20; Dkt. 25 at 3-4).

On November 7, 2025, Plaintiff filed the instant motion for appointed counsel, levying the same arguments set forth in his prior applications. (*Compare* Dkt. 44 *with* Dkt. 18 *and* Dkt. 24).

**DISCUSSION**

I.      **Legal Standard**

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular

civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id*.

## II.    Plaintiff's Motion for Appointment Counsel is Denied

Plaintiff has not demonstrated that his remaining claims are likely to be of substance. His motion makes no mention of this threshold requirement, despite Judge Wolford's prior determinations having advised him thereof. (*See* Dkt. 20; Dkt. 25 at 4). The record before the Court is also devoid of any information regarding what

documents were exchanged during fact discovery. In other words, the Court has before it only Plaintiff's allegations and Defendants' denials thereof. On this record, the Court has no basis to conclude that Plaintiff's remaining claims are likely to be of substance, and so the threshold requirement for appointment of counsel has not been met.

Because Plaintiff has failed to demonstrate that his claims are likely to be of substance, the Court need not evaluate the remaining factors. The Court notes, however, that arguments that a plaintiff suffers from mental health conditions and is untrained in the law are generally insufficient, standing alone, to justify appointment of counsel. *See, e.g., Dean v. DeBejian*, No. 9:22-CV-0746 (BKS/ML), 2024 WL 6824479, at *2 (N.D.N.Y. Sept. 16, 2024); *Atas v. New York Times Co.*, No. 22-CV-853, 2022 WL 18284961, at *2 (S.D.N.Y. Dec. 22, 2022).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointed counsel (Dkt. 44) is denied without prejudice. Any further motions for appointment of counsel should be accompanied by information from which the Court can assess whether Plaintiff's claims are likely to be of substance.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         July 24, 2026